## TAYLOR, et al. v. PORTER.

No. 7690.   Decided January 13, 1953.   (252 P. 2d 208.)

See 11 C. J. S., Boundaries, sec. 116.   Effect of mistake as to boundaries.   8 Am. Jur., Boundaries, sec. 77; 69 A. L. R. 1430.

*Peter M. Lowe,* Salt Lake City, for appellant.

*Hugh V. Wentz,* Provo, for respondents.

McDONOUGH, Justice.

Defendant appeals from a lower court determination of a boundary line between contiguous parcels of property owned by plaintiff and defendant.

George Sidwell owned an eight-acre piece of land and desired to sell the western five acres thereof. On April 29, 1946, defendant bought two acres and the following day the plaintiff agreed to purchase the remaining three. Near the western boundary of the Sidwell tract was an old wire fence which all parties thought to be situated on the section line and to be the western boundary of the tract. Out of the five acres the defendant was to take the two on the

west and plaintiff the three acres east of defendant's plot. Using the old wire fence as a base a boundary line separating the two and three acre parcels was established between the seventh and eighth rows of peach trees growing on the property. Defendant subsequently dug an irrigation ditch along this line and both parties recognized it as the boundary for a period of three and one-half years. (Admittedly of insufficient time to establish a boundary by acquiescence.) Defendant then attempted to construct a fence line east of the irrigation ditch and a dispute arose. A survey revealed that the old wire fence was not upon the section line and under plaintiff's deed an overlap or conflict area approximately 23 feet in width existed between the two acreages. Although such conflict seemed in favor of the plaintiff he did not seek title to the 23-foot strip but brought this action to determine whether the boundary established by the parties and indicated by defendant's irrigation ditch would stand. The parties stipulated that a certain line surveyed and laid out by them would constitute the correct boundary if the court should find that such boundary belonged 126 feet from the old wire fence and between the seventh and eighth rows of peach trees. The court found that the boundary line dividing the respective properties was a point immediately in the center between two rows of peach trees; that the plaintiff and defendant knew of this understanding and both recognized it to be so; and that the line should be established at the stipulated position. On appeal, defendant contends that the evidence does not support the court's findings.

The uncontroverted evidence in the record reveals that Sidwell, the common grantor, thought his western boundary existed at the old wire fence and that he intended the defendant to have a frontage of 126 feet east from that fence, and plaintiff to have a 212-foot frontage beyond defendant's land; that the real estate agent who sold the adjoining properties to plaintiff and defendant measured off 126 feet from the old fence and drove a stake to indicate

the approximate boundary between the two lots; that it was represented to both plaintiff and defendant that such stake indicated the boundary and all parties so understood at the time of purchase; that upon this basis defendant dug an irrigation ditch along the prescribed line and both parties testified that they thought the line ran down the center of such ditch; and that this stake, prescribed line, and ditch ran between the seventh and eighth rows of peach trees. Further evidence of such understanding is garnered from the earnest money receipt issued to defendant which described defendant's property as the

"west 2 acres more or less—(west 7 rows of trees)—of an 8 acre tract * * *"

and the warranty deed issued to defendant which located the property as

"beginning 545.00 feet, more or less, West from the Southeast Corner of Lot 35, Knight Subdivision, *which said beginning point is in the line of a fence running north and south* * * *." (Italics ours.)

It is evident from the record that all parties acted under mutual mistake and bought in reliance thereon. There is no error in fulfilling the intention and understanding of the parties by finding the line should be established between the seventh and eighth row of trees and by fixing the location thereof in accordance with the stipulation. The judgment of the lower court is affirmed. Costs to respondents.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.